# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CATHERINE WEIDNER | § | |
| | § | |
| V. | § | CASE NO. 4:13-CV-263 |
| | § | Judge Clark/Judge Mazzant |
| NATIONWIDE PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Intervenor-Plaintiff's Opposed Motion for Leave to File First Amended Complaint (Dkt. #43) and Plaintiff's Opposed Motion for Leave to File Second Amended Complaint (Dkt. #45). After reviewing the motions and the responses thereto, the Court finds the motions are denied.

On June 9, 2014, the undersigned entered a report and recommendation that recommended dismissing Plaintiff and Intervenor-Plaintiff's (collectively "Plaintiffs") extra-contractual claims. On June 19 and 20, 2014, Plaintiffs filed their separate motions for leave to file amended complaints that will "better clarify the facts underlying [the] causes of action as well as to dismiss certain causes of action" (Dkt. #43 at 2; Dkt. #45 at 2). On July 3, 2014, Defendant filed its responses in opposition to both requests (Dkt. #52; #53).

The deadline for Plaintiffs to amend pleadings was September 2, 2013. The parties twice agreed to extend scheduling order deadlines, but neither plaintiff suggested extending the pleadings deadline. Defendant filed a motion for partial summary judgment and judgment on the pleadings, arguing that Plaintiffs' extra-contractual claims should be dismissed as a matter of law. Plaintiffs responded, arguing that their complaints provided sufficient factual context for their claims, and did not request leave to amend at that time. On June 9, 2014, the undersigned recommended Plaintiffs' extra-contractual claims be dismissed. That recommendation, along

1

with Plaintiffs' objections, is currently pending before United States District Judge Ron Clark. This case is set for trial in September of 2014. In his motion for leave, Intervenor-Plaintiff Jerry Dickerson retains causes of action under the Texas Insurance Code that the undersigned recommended dismissing. In her motion for leave, Plaintiff Catherine Weidner expands her factual discussion, and adds a legal theory that she is an innocent spouse, which is an exception to the intentional-act exclusion of Plaintiffs' policy which was raised by Defendant a year ago. In addition, Plaintiff retains causes of action under the Texas Insurance Code that the undersigned recommended dismissing.

"Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003). Under Federal Rule of Civil Procedure 16(b), a schedule may be modified for "good cause." *Id.* The Fifth Circuit has established four factors the Court should consider when determining whether good cause exists: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure the prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546-47 (5th Cir. 2003). To establish "good cause" a party must show that it "could not have met the deadline despite its diligence" along with satisfaction of the four-part test. *S&W Enters.*, 315 F.3d at 536-38.

Plaintiffs do not explain their failure to timely move for leave to amend, and argue only that they need time to amend following the recommendation of the undersigned. However, Plaintiffs have had plenty of time to move to leave to amend their pleadings for further clarification of their claims. The fact that the undersigned found in favor of Defendant on certain

extra-contractual claims does not entitle Plaintiffs to get a second bite at the apple, after having already decided to rely on the factual allegations in their live pleadings.

Plaintiffs do not appear to argue that their proposed amendments are important, as Plaintiffs both contend that they are "simply clarif[ying] the legal theories pled against Defendants and the factual basis for those claims" (Dkt. #43 at 4; #45 at 3). Thus, this factor does not weigh in favor of Plaintiffs.

As for the prejudice to Defendant, the Court finds that Defendant would be substantially prejudiced. At this time, Defendant has a ruling in its favor on a partial motion for summary judgment and judgment on the pleadings that will substantially narrow the issues for trial. Allowing an amendment to the pleadings at this stage of the litigation would greatly prejudice Defendant. In addition, Plaintiff Weidner attempts to add a new legal theory to the pleadings, which would require Defendants to do additional discovery to rebut this unexpected legal theory. Contrary to Plaintiffs' assertions, a continuance is not available to cure the prejudice. This case is set for trial on September 22, 2014. Due to this court's heavy docket and increasing case load, no continuance is available to cure the undue prejudice to Defendant. Thus, Plaintiffs have failed to demonstrate good cause for their proposed amendments.

In addition, Defendant contends, and this Court agrees, that Plaintiffs' proposed amendments are futile. The undersigned recommended dismissal of Plaintiffs' extra-contractual claims for many reasons, including the failure to associate any of these claims with damages separate from their alleged contract damages (Dkt. #41 at 12). The undersigned noted that Plaintiffs failed to respond to this argument, and continue to ignore this portion of the analysis. Plaintiffs also did not object to this portion of the undersigned's report and recommendation.

Thus, Plaintiffs' failure to plead any damages separate from their contract damages makes any proposed amendment futile.

## CONCLUSION

Based on the foregoing, the Court finds that Intervenor-Plaintiff's Opposed Motion for Leave to File First Amended Complaint (Dkt. #43) and Plaintiff's Opposed Motion for Leave to File Second Amended Complaint (Dkt. #45) are **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 18th day of August, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE