**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CATHERINE WEIDNER, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CASE NO. 4:13-CV-263 |
| NATIONWIDE PROPERTY & CASULATY INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On June 9, 2014, the United States Magistrate Judge issued its report and recommendation [Doc. #41], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Defendant's Motion for Partial Summary Judgment and for Partial Judgment on the Pleadings [Doc. #20] be granted.

In its report and recommendation, the Magistrate Judge concluded that Plaintiff's extra-contractual claims for violations of the Deceptive Trade Practices Act ("DTPA"), Texas Insurance Code, and breach of the common law duty of good faith and fair dealing should be dismissed. On June 23, 2014, Plaintiff Catherine Weidner and Intervenor-Plaintiff Jerry Dickerson (collectively "Plaintiffs") filed their objections to the report and recommendation of the Magistrate Judge, objecting only to the Magistrate Judge's findings and recommendations on Plaintiffs' insurance code claims [Doc. #48]. Thus, the findings and recommendations of the

Magistrate Judge on Plaintiffs' DTPA and good faith and fair dealing claims are adopted. Defendant filed its response to Plaintiffs' objections on July 3, 2014 [Doc. #51].

Plaintiffs first object to the Magistrate Judge's consideration of Defendant's Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings, arguing that a Rule 12(c) motion may not be made or considered when the facts are in dispute. Plaintiffs contend that "[t]he motion for judgment on the pleadings only has utility when all material allegations of fact are admitted in the pleadings and only questions of law remain" [Doc. #48 at 2 (citing *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990))]. Plaintiffs assert that because their claims are "hotly disputed," a Rule 12(c) motion is not appropriate.

This issue was never raised before the Magistrate Judge. In their response to Defendant's Rule 12(c) motion, Plaintiffs argued that Rule 12(c) relief was procedurally improper because Defendant was first required to bring a Rule 12(b)(6) motion to dismiss. The Magistrate Judge considered, and properly rejected, this argument; however, the issue of whether a Rule 12(c) motion is appropriate when certain facts are in dispute was never raised. "The filing of objections is not an opportunity to… present new arguments. Nor is it an opportunity to infer facts or arguments that were not actually present in the pleadings and summary judgment response." *Green v. Bank of America, N.A.*, No. 4:13cv92, 2013 WL 6178499, at *1 (E.D. Tex. Nov. 25, 2013).

As for Plaintiffs' objection, the Fifth Circuit in *Hebert Abstract* noted, "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." 914 F.2d at 76 (citing 5A WRIGHT & MILLER, *Federal Practice & Procedure*, § 1367 at 509-10 (1990)). A 12(b)(6)-type argument may be

made for failure to state a claim, which Rule 12(h) specifically preserves for presentation in a 12(c) motion. 5A WRIGHT & MILLER, *Federal Practice & Procedure*, § 1367 at 509-10; FED. R. CIV. P. 12(h)(2)(b). The problem with Plaintiffs' argument is that there are no disputed facts regarding the claims raised by Defendant's motion. The "hotly disputed" facts alleged by Plaintiffs primarily relate to Plaintiffs' breach of contract claim, which was not at issue in this motion. In fact, the Magistrate Judge found that there were no facts or allegations made in support of Plaintiffs' claims; thus, no facts could possibly be in dispute, particularly in relation to Plaintiffs' insurance code claims. The Magistrate Judge found:

> Plaintiffs' claims arising under the Texas Insurance Code suffer from the same limitations. Plaintiffs assert (merely by stating the statute number) that Nationwide made, issued, or circulated or caused to be made, issued, or circulated an estimate, circular, or statement misrepresenting with respect to a policy issued or to be issued: (A) the terms of the policy; (B) the benefits or advantages promised by the policy; or (C) the dividends or share of the surplus to be received on the policy. TEX. INS. CODE § 541.051(1). There are no facts alleged by the Plaintiffs to plausibly suggest that Nationwide misrepresented the terms of the policy, benefits or advantages of the policy, or dividends to be received under the policy. Plaintiffs also assert that Nationwide used a name or title of a policy or class of policies that misrepresents the true nature of the policy or class of policies. TEX. INS. CODE § 541.051(4). Again, there are no facts alleged to support this assertion. Plaintiffs also contend that Nationwide misrepresented Plaintiffs' insurance policy by "(i) making an untrue statement of material fact. § 541.0060(1); (ii) failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made. § 541.060(2); (iii) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material facts. § 541.060(3)" (Dkt. #5 at ¶ 27; Dkt. #8 at ¶ 28). Plaintiffs fail to allege what misrepresentations or omissions they are referring to, in what manner the statements were made, and in what way Plaintiffs were misled by the statements.

[Doc. #41 at 8-9]. The Magistrate Judge went on to find that in asserting a claim for violation of TEX. INS. CODE § 542.055, "Plaintiffs have not made any allegations to make this claim plausible." *Id*. at 9. Regarding Plaintiffs' claim under TEX. INS. CODE § 542.056, the Magistrate Judge found that "Plaintiffs do not state any facts to make this claim plausible." *Id*.

The same is true for Plaintiff's claims for violations of TEX. INS. CODE § 542.057, about which the Magistrate Judge noted that "Plaintiffs do not allege that Nationwide notified them under Section 542.056 that it was going to pay the claim or part of the claim. Plaintiffs allege the exact opposite – that Nationwide denied the claim." *Id*. at 10. There are simply no material facts in dispute regarding these claims because Plaintiffs failed to allege any. The court finds that it was not procedurally improper to consider the arguments made by Defendant presented in a Rule 12(c) motion. Plaintiffs' objection is overruled.

Plaintiffs next object to the dismissal of their statutory claims due to a lack of evidence. Plaintiffs then recite other possible causes of loss, such as lightning strikes, the CSST gas line that was discovered with holes in it, and the mineral spirits that were found in the home after testing by Defendant's experts. Plaintiffs contend that these "known facts" did not require Defendant to confer with their retained expert prior to making a determination on coverage.

Plaintiffs' evidence, even if accepted as true, is not evidence that Defendant's investigation was unreasonable. This evidence can only show that the experts Defendant relied on in conducting its investigation were wrong about the causation of the fire. Therefore, these facts are inapplicable to the extra-contractual issues that were before the court in Defendant's Rule 12(c) motion, and are only applicable to the ultimate breach of contract dispute between the parties that will be resolved at a later time. This objection is overruled.

Plaintiffs next object to the dismissal of their statutory penalty interest claim under Texas Insurance Code § 542.060. Plaintiffs contend that "an insurance company's good faith assertion of defense does not relieve the insurer of liability for penalties for tardy payment, as long as the insurer is finally judged liable" [Doc. #48 at 7 (citing *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 461 (5th Cir. 1997) (citation omitted))].

The statutory language of Texas Insurance Code § 542.060 states:

> If an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees.

Plaintiffs assert that if Defendant is found to be liable for the claim, even if Defendant denied the claim in good faith, Defendant is still liable for penalties for tardy payment. The problem with this argument is that Plaintiffs ignore the fact that the Magistrate Judge found that Plaintiffs failed to allege sufficient facts to show that Defendant was not in compliance with the insurance code, and recommended dismissal of all of Plaintiffs' claims. Thus, even if Defendant is found to be liable for the claim at trial, there can be no finding that Defendant was not in compliance with the Texas Insurance Code, because Plaintiffs failed to plead sufficient facts establishing such a claim. That is a requirement of the statute, and Plaintiffs' objection is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes Plaintiffs' objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #41] is adopted, and Defendant's Motion for Partial Summary Judgment and for Partial Judgment on the Pleadings [Doc. #20] is **GRANTED.** Accordingly, Plaintiffs' extra-contractual claims for violations of the DTPA and Insurance Code and claims for breach of the common law duty of good faith and fair dealing are dismissed.

So **ORDERED** and **SIGNED** this **19** day of **August, 2014.**

_____
Ron Clark, United States District Judge